# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| SEKETHA SANFORD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil No. 3:15-cv-1475 |
| | ) Judge Aleta A. Trauger |
| | ) |
| L'ORÉAL USA S/D, INC. and REGIS | ) |
| CORP. d/b/a SMARTSTYLE and | ) |
| SMARTSTYLE, individually | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM & ORDER

Pending before the court is an unopposed Motion for Summary Judgment (Docket No. 56) filed by one of the defendants, L'Oréal USA, Inc. ("L'Oréal").[1] For the reasons discussed herein, L'Oréal's motion will be granted.

## BACKGROUND & PROCEDURAL HISTORY

This is a products liability case in which the plaintiff, Seketha Sanford, alleges that L'Oréal "manufactured, sold or distributed an unreasonably dangerous product known as Wave Nouveau." (Docket No. 1-1 ¶ 13.) According to allegations in the Complaint, Ms. Sanford visited SmartStyle, a hair salon in Nashville, Tennessee, in October of 2014 and allowed stylists at the salon to use L'Oréal's Wave Nouveau product on her hair. (*Id.* ¶ 9.) Immediately after the product was applied to her hair, however, Ms. Sanford alleges that she began to experience severe and rapid hair loss, which has required her to "receive periodic injections and use

---

[1] The Motion for Summary Judgment filed by L'Oréal's co-defendant, Regis Corporation d/b/a SmartStyle (Docket No. 53), has been opposed by the plaintiff (Docket No. 65) and remains pending.

medication on her scalp daily." (*Id.* ¶¶ 10–12, 18.) Ms. Sanford has brought a claim for negligence against L'Oréal, and L'Oréal has filed the pending motion seeking dismissal of the claim on the grounds that Ms. Sanford cannot demonstrate that Wave Nouveau products were the cause of her hair loss. (Docket No. 57, pp. 11–13.)[2]

In support of its motion, L'Oréal has submitted the Declaration of Alan S. Boyd, M.D., a professor in the Department of Medicine, Division of Dermatology and Pathology and Laboratory Medicine at Vanderbilt University Medical Center. (Docket No. 59 (Decl. A. Boyd) ¶ 2.) According to Dr. Boyd, a biopsy of Ms. Sanford's scalp was taken and submitted for histologic evaluation on July 14, 2016. (*Id.* ¶ 5.) The results revealed that Ms. Sanford had experienced miniaturization of her hair follicles, which is consistent with androgenetic alopecia but not with the use of cosmetic products. (*Id.*) Dr. Boyd further notes that, in cases in which cosmetic products cause hair damage or loss, they also typically result in burning, inflammation, and scarring on the scalp, and the resulting hair loss tends to be temporary and immediate. (*Id.* ¶ 6.) Ms. Sanford, however, has not complained of burning, inflammation, or scarring; nor has she complained of temporary hair loss. (*Id.*) Rather, Dr. Boyd notes, Ms. Sanford has experienced a gradual and persistent hair loss that occurred over the course of two years, a pattern that is not consistent with hair loss caused by cosmetic products. (*Id.*) After acknowledging that "[t]he precise cause of [Ms.] Sanford's hair loss is not entirely clear," Dr. Boyd opines that the loss is likely due to some form of alopecia. (*Id.* ¶ 7.) "Regardless of

---

[2] L'Oréal also advocates a number of other grounds for dismissing Ms. Sanford's negligence claim, including that it is time-barred and that the Wave Nouveau products are not defective or unreasonably dangerous. (*See* Docket No. 57, pp. 10–11, 14–18.) However, because the court finds that Ms. Sanford cannot demonstrate that the use of L'Oréal's products caused her hair loss – a conclusion discussed in greater detail below – the court need not, and will not, reach the merits of these arguments.

the cause," Dr. Boyd concludes, "application of the Wave Nouveau products to [Ms.] Sanford's hair did not cause her to experience hair loss." (*Id.*)

Ms. Sanford has not filed any response to the pending motion, nor has she disclosed any expert witness that will offer an opinion about the medical cause of her alleged injuries or rebut the opinion of Dr. Boyd.

## LEGAL STANDARD

In the Sixth Circuit, a plaintiff who fails to address a claim in response to a motion for summary judgment is deemed to have abandoned the claim. *Briggs v. Univ. of Detroit-Mercy*, 611 F. App'x 865, 870 (6th Cir. 2015). Nonetheless, a district court may not use a party's failure to respond as a reason for granting summary judgment "without first examining all the materials properly before it under Rule 56(c)." *Id.* (quoting *F.T.C. v. E.M.A. Nationwide, Inc.*, 767 F.3d 611, 630 (6th Cir. 2014)). This rule exists because "[a] party is never required to respond to a motion for summary judgment in order to prevail since the burden of establishing the nonexistence of a material factual dispute always rests with the movant." *F.T.C.*, 767 F.3d at 630 (quoting *Smith v. Hudson*, 600 F.2d 60, 64 (6th Cir. 1979). Thus, "even where a motion for summary judgment is unopposed (in whole or in part), a district court must review carefully the portions of the record submitted by the moving party to determine whether a genuine dispute of material fact exists." *Briggs*, 611 F. App'x at 871.

## ANALYSIS

In Tennessee, product liability claims – such as that advanced against L'Oréal by Ms. Sanford – are governed by the Tennessee Products Liability Act ("TPLA"), Tenn. Code Ann. § 29-28-101 *et seq.*, which provides that:

> A manufacturer or seller of a product shall not be liable for any injury to a person or property caused by the product unless the product is determined to be in a

3

> defective condition or unreasonably dangerous at the time it left the control of the manufacturer or seller.

Tenn. Code Ann. § 29-28-105(a). As L'Oréal correctly notes, causation is an essential element of a product liability claim under the TPLA. *Nye v. Bayer Cropscience, Inc.*, 347 S.W.3d 686, 704–05 (Tenn. 2011). The mere fact that the plaintiff sustained an injury is not proof of a defect in, or dangerous condition of, the product. *King v. Danek Med., Inc.*, 37 S.W.3d 429, 435 (Tenn. Ct. App. 2000). Rather, the plaintiff must demonstrate 'that there was something wrong with the product . . . and trace [her] injury to the specific defect." *Id.* (citing *Whaley v. Rheem Mfg. Co.*, 900 S.W.2d 296, 299 (Tenn. Ct. App. 1995); *Fulton v. Pfizer Hosp. Prods. Grp. Inc.*, 872 S.W.2d 908, 912 (Tenn. Ct. App. 1993).) Moreover, in cases involving claims of medical injury, Tennessee courts generally require proof of causation in the form of testimony from a medical expert. *See, e.g.*, *Thomas v. Aetna Life & Cas. Co.*, 812 S.W.2d 278, 283 (Tenn. 1991) ("Medical causation and permanency of an injury must be established in most cases by expert medical testimony."); *Tomazin v. Lincare, Inc.*, No. 3:13-cv-0875, 2015 WL 4545658, at *12 (M.D. Tenn. July 27, 2015) (collecting cases and noting that, "under Tennessee law, medical causation must be established by expert testimony").

Ms. Sanford has alleged that her use of the Wave Nouveau products caused her hair loss, but she has failed to present any evidence supporting causation or disclose any expert who could opine on the medical cause of her hair loss. Moreover, the court's review of all of the materials before it reveals no evidence relating to the cause of Ms. Sanford hair loss other than the declaration of Dr. Boyd, who opines that the application of Wave Nouveau products to Ms. Sanford's hair could not have been the cause of her alleged injury. Upon review of Dr. Boyd's opinion, and taking into consideration the fact that Ms. Sanford has failed to submit any testimony from a medical expert to rebut that opinion, the court is convinced that there exists

no material factual dispute regarding the cause of Ms. Sanford's hair loss. Ms. Sanford, therefore, cannot prove an essential element of her negligence claim, and the court must grant summary judgment to L'Oréal.

## **CONCLUSION**

For the reasons discussed herein, the Motion for Summary Judgment filed by L'Oréal is hereby **GRANTED**.

It is so **ORDERED**.

Enter this 1st day of June 2017.

_____
ALETA A. TRAUGER
United States District Judge